IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RODNEY M. HENDRIX,

           Plaintiff,

   v.                               CASE NO. 06-3323-SAC

MICHELLE DURRETT, et al.,

           Defendants.

**O R D E R**

Plaintiff initiated this action by filing a pro se complaint under 42 U.S.C. § 1983 while confined in the Wyandotte County Jail in Kansas City, Kansas, seeking damages from the prosecutor and public defender in plaintiff's criminal case. Plaintiff sought leave to proceed in forma pauperis under 28 U.S.C. § 1915, but failed to pay the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1). The court denied plaintiff's motion for leave to proceed without prepayment of the district court filing fee and dismissed the complaint without prejudice, citing plaintiff's noncompliance with a local court rule.[1]

Before the court is plaintiff's motion to reopen his complaint. Plaintiff states he was released from the county jail after filing his complaint, and never received the orders mailed to him by the

---

[1] Rule 5.1(c) of the Rules of Practice and Procedure for the District of Kansas which requires that "[e]ach...party appearing pro se is under a continuing duty to notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or a party appearing pro se shall be sufficient notice."

clerk's office. Plaintiff states he was essentially homeless upon his release from the jail, which the court liberally construes as stating that plaintiff had no forwarding address or means to pay the initial partial filing fee. The record confirms that the clerk's mailing to plaintiff of the initial fee order, and the order and judgment of dismissal, were returned to the court as undelivered mail.

Plaintiff's motion, filed more than ten days after entry of the judgment, is treated as a motion for relief from judgment under Fed.R.Civ.P. 60(b). Van Skiver v. U.S., 952 F.2d 1241, 1242 (10th Cir. 1991), *cert. denied* 506 U.S. 828 (1992). The Tenth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 579 (10th Cir. 1996) (*quotation omitted*). The court may grant a Rule 60(b)(6) motion "only in extraordinary circumstances and only when such action is necessary to accomplish justice." Id..

Here, plaintiff failed to notify the court that he was released from the county facility approximately one week after his complaint was docketed in this court. As a result, plaintiff never received the court's order for payment of an initial partial filing fee, nor the subsequent order and judgment dismissing plaintiff's case. Notwithstanding the alleged circumstances facing plaintiff upon his release from jail, the court finds no exceptional circumstances warranting relief under Rule 60(b) in this matter, especially where

2

the court dismissed the complaint without prejudice.[2]

IT IS THEREFORE ORDERED that plaintiff's motion for relief from the judgment entered in this matter (Doc. 8) is denied.

**IT IS SO ORDERED.**

DATED:  This 12th day of September 2007 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2]Plaintiff is also advised that his request for damages would be subject to summary dismissal, 28 U.S.C. § 1915(e)(2)(B), if the complaint were to be reopened as plaintiff requests. *See* Imbler v. Pachtman, 424 U.S. 409, 430 (1976)(prosecutor entitled to absolute immunity when activities intimately associated with judicial phase of criminal process); Polk County v. Dodson, 454 U.S. 312, 325 (1981)(court appointed defense attorneys serve the interest of their client and do not act "under color of state law" for the purpose of stating a cause of action under 42 U.S.C. § 1983). *See also* Heck v. Humphrey, 512 U.S. 477 486-87 (1994)(a claim for damages arising from a conviction or sentence that has not been invalidated is not cognizable under § 1983).

3